Jay C. **GAGNE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 03A01–1101–IF–16.**

Court of Appeals of Indiana.

July 26, 2011.

---

Jay C. Gagne, Indianapolis, IN, Appellant Pro-Se.

Gregory F. Zoeller, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Jay C. Gagne appeals the jury's determination that he made an illegal U-turn[1] on Interstate 65. Specifically, Gagne argues that there is insufficient evidence to support the jury's verdict that he committed the offense. Thus, Gagne contends that the trial court's order directing him to pay a fine in the amount of $118.50 must be set aside. Finding the evidence sufficient, we affirm.

### FACTS

On June 20, 2010, Gagne was driving north on Interstate 65 in Bartholomew County. At some point, Indiana State Trooper, David Owsley, observed Gagne drive from the northbound lane onto a dirt and gravel storage space between the north and southbound lanes and on to the southbound lane of Interstate 65. Trooper Owsley stopped Gagne and issued him a citation for committing an illegal U-turn in violation of Indiana Code section 9–21–8–19.

It was determined that the space where Owsley drove to make the U-turn was neither built nor maintained by the Indiana Department of Transportation (INDOT). Instead, that area had been constructed by Milestone, a company that repaved Interstate 65 approximately three years earlier. The space had been used for storing electronic message board signs and materials when Milestone had done the repaving work. INDOT had not posted any signs either preventing or permitting U-turns.

On July 8, 2010, the State charged Gagne with the above offense. On December 13, 2010, a jury found that Gagne had violated Indiana Code section 9–21–8–19.

---

1. Ind.Code § 9–21–8–19.

Gagne was ordered to pay a fine of $118.50, and he now appeals.

### DISCUSSION AND DECISION

■ As noted above, Gagne claims that there was insufficient evidence to support the jury's verdict that he violated the provisions of Indiana Code section 9–21–8–19. Specifically, Gagne contends that he could not have violated the provisions of this statute because INDOT had not posted a "No U–Turn" sign near the entry to the median. Appellant's Br. p. 11.

When reviewing the sufficiency of the evidence claims, we consider only the probative evidence and reasonable inferences that support the verdict. *Drane v. State,* 867 N.E.2d 144, 146 (Ind.2007). We will affirm the trial court's judgment unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

Gagne was charged with violating the provisions of Indiana Code section 9–21–8–19, which provides:

> A person may not drive a vehicle onto or from a freeway or the interstate highway system except at entrances and exits that are established by the public authority in control of the highway. Whenever special crossovers between the main roadways of a freeway or the interstate highway system are provided for emergency vehicles or maintenance equipment only, the freeway or interstate highway system shall be posted prohibiting "U" turns. A person who drives a vehicle, except an emergency vehicle or maintenance equipment, may not use the crossovers or make a "U" turn anywhere on the freeway or interstate highway system.

The statute prohibits U-turns by non-emergency or non-maintenance vehicles on freeways or interstate highways under any circumstances. This restriction applies to special crossovers, which are created for emergency and maintenance vehicles, and there is no exception for areas created by third parties, such as the space that Gagne used. Put another way, nothing in the statute permits Gagne to avoid the prohibitions of U-turns on the interstate highway system. Gagne admitted that he made a U-turn on the Interstate 65, and Trooper Owsley testified that he saw Gagne do so.

We cannot agree with Gagne's claim that the statute requires the posting of "no U-turn" signs in all circumstances. Appellant's Br. p. 11. Rather, the statute provides that such a requirement applies to the special crossovers that are built for emergency and maintenance vehicles only. Tr. p. 61. Any space that is not created for emergency or maintenance vehicles is not subject to this sign-posting requirement. I.C. § 9–21–8–19. Hence, there is nothing in the statute that would require the State to post a no-U-turn sign at every spot that could conceivably be driven across.

■ Also, because INDOT did not create the dirt and gravel storage space that Gagne used when making the U-turn, he violated that portion of the statute that restricts the entrances and exits on interstate highways. More specifically, rather than leaving Interstate 65 via an exit established by INDOT, Gagne chose to exit the interstate onto the dirt and gravel storage space that Milestone had created and return to the interstate from an entrance that was not created by a public authority. Finally, although Trooper Owsley may not have expressly used the term "U-turn" in his testimony, the evidence demonstrated that Gagne crossed a dirt-and-gravel storage space, changed his direction from north to south, and completed a U-turn. Tr. p. 56–57.

For all of the reasons discussed above, we conclude that Gagne's actions violated the provisions of Indiana Code section 9–21–8–19.

The judgment of the trial court is affirmed.

MAY, J., and BRADFORD, J., concur.